J. T. GRIFFITH et al. v. R. W. WINBORNE, Trustee.

*Assignment — Agent — Banker — Deed — Delivery — Contract—
Costs.*

Where W. & Co., bankers, held certain funds as agent for the payment of land, and also held a deed to the land, which was to be delivered when certain corrections were made, and, pending correspondence on this subject, W. & Co. mixed the fund with the assets of the bank, and thereafter made a general assignment of all their effects for the benefit of creditors: *Held—*

1. There had been no delivery of the deed, and the maker of the deed could not recover from the assignee the fund deposited to pay the purchase-money upon delivery.

2. The action being one at law to recover a specific sum, and not involving any equitable element, the plaintiff, failing to establish his demand, was liable for costs.

This was a CIVIL ACTION, heard upon a case agreed, by *Brown, J.*, at the February Term, 1890, of HERTFORD Superior Court.

The *feme* plaintiff, Charlotte Griffith, on the 1st day of January, 1880, was the owner of an undivided interest in a tract of land in the State of Missouri, which she and her husband agreed to sell and convey to one Peter Barnard, for and in consideration of the sum of $271.

The plaintiffs lived in Hertford County, North Carolina, and Barnard lived in the State of Missouri.

On the 7th day of March, 1889, Barnard, at the request of plaintiff, forwarded to Wade & Co., bankers, in Murfreesboro, N. C., the sum of $271, together with a form of a deed to be executed by plaintiffs, and upon the execution and acknowledgment thereof the plaintiffs Ward & Co. were instructed to deliver said $271 to the *feme* plaintiff, and to receive said deed and return the same to Barnard.

Plaintiffs signed and acknowledged the deed as written, but declined to deliver the same to Ward & Co. for Barnard, or to receive the money therefor until they could correspond with Barnard and obtain his consent to make some change in the phraseology of the deed. The plaintiffs instructed Ward & Co. to hold both the deed and money in the meantime until such correspondence was terminated. Pending this correspondence in reference to the change in the deed, Ward & Co. became insolvent, and made a general assignment of all their moneys, choses in action, and other effects to the defendant, as trustee, for the benefit of creditors.

Thereafter, on the 20th day of May, 1889, Barnard consented to the change in the deed requested by plaintiffs, and wrote to Ward & Co. (which letter was received by defendant) to receive the deed with the change made therein as desired by plaintiffs, and deliver the money to the *feme* plaintiff.

The deed is still in the possession of the defendant, and has not been altered as requested by the plaintiff and directed by Barnard, and has not been delivered to Barnard.

Ward & Co. after receiving said $271, without the knowledge and consent of plaintiffs, or of said Barnard, mixed the same with the general funds of their bank, and made no entry on their books crediting the amount to plaintiffs or Barnard, and gave them no evidence of their possession of the same, except a letter to Barnard acknowledging the receipt of the money and deed for the purpose mentioned, and their admission to the plaintiff J. T. Griffith that they had received the money and deed as aforesaid.

On said 10th day of May, 1889, the defendant, as trustee aforesaid, found and received in the bank of Wade & Co., in Murfreesboro, N. C., over $2,000 in currency and coin.

The assets of said bank are insufficient to pay in full the depositors and other creditors of Ward & Co. who are secured in said assignment.

If, upon the above facts, the Court should be of the opinion that the plaintiffs are entitled to recover of the defendant the sum of $271, to be paid by him out of the moneys received as aforesaid, then judgment is to be entered accordingly; and if the Court should be of the opinion that the plaintiffs are not entitled to recover the above, nor any other sum, from the defendant, then judgment is to be entered in favor of the defendant for costs, or such other judgment may be entered in reference to the return of the deed to the *feme* plaintiff and the payment of the money to said Barnard, as the Court may deem just and proper upon all the facts above set forth.

The Court was of opinion, and considered, that the deed referred to therein had never been delivered to Peter Barnard, and that the purchase-money had never been paid *feme* plaintiff, and that she is now entitled to the return of said

deed by the defendant, who found and received it among the effects of Ward & Co.

The Court further considered that the plaintiff is not entitled to recover the entire $271 of the defendant, but that Peter Barnard was entitled to recover the dividend thereon, ratably with the other creditors of Ward & Co. who are not preferred by said trust. The defendant was directed to pay the costs of this proceeding out of the trust funds in his hands.

From which the plaintiffs appealed.

*Mr. R. B. Winborne* (by brief), for plaintiffs.
No counsel *contra.*

CLARK, J.: Upon the facts agreed, it appears that plaintiffs' deed was never executed by a delivery to Ward & Co. as agents for Barnard, but that they held it as agents for plaintiffs until certain negotiations with Barnard should be concluded. Nor did Ward & Co. at any time hold the fund ($271) as agents for plaintiffs. On the contrary, the execution of the deed by plaintiffs (which would include a delivery to Ward & Co. as agents of Barnard) was a condition precedent to the payment of the money to the plaintiffs. Till that was done, the money in Ward & Co's hands remained the property of Barnard. He had the right to recall it, and, if lost, it was his loss and not the plaintiffs'. While matters were in this state, the assignment of Ward & Co. was made to defendant as trustee. After the assignment, Barnard assented to changes in the deed, but plaintiffs have not made them and the deed has not been delivered to Barnard.

The judgment of the Court, that under these circumstances the plaintiffs have no claim upon the fund in the hands of the defendant, the assignee of Ward & Co., was correct. As Barnard is not a party to this action, so much

of the judgment as adjudicates upon his right or interest in the fund is erroneous.

This is not an action by the trustee against claimants to the fund asking a construction of the rights of the several parties thereto which would justify the costs of the proceding being taxed against the fund. It is a simple action at law by plaintiffs for recovery of a sum of money when the condition precedent, which would entitle them to it—the execution and delivery of the deed—has not been complied with. Had the action, in this state of facts, been brought against Ward & Co., the plaintiffs could not have recovered either money or costs. Their condition is made no better by the fact that Ward & Co. are represented by an assignee.

The judgment below should have been entered simply against plaintiffs for costs, and without any adjudication upon the rights of Barnard in the fund. Let it be so modified. Modified and affirmed.